## Ex Parte Elwood Fowler.

### No. 5404.    Decided June 11, 1919.

**Delinquent Child—Jurisdiction—Juvenile Court.**

> Where relator appealed from an order of the District Court of Dallas County, denying his application for a writ of habeas corpus, which was based upon the proposition that the County Court at Law of Dallas County No. 2, was denied jurisdiction to render judgment as a juvenile court, contending that the said County Court at Law was without jurisdiction, the same is untenable and the judgment is affirmed.

Appeal from the Criminal District Court No. 2. Tried below before the Hon. C. A. Pippen.

Appeal from writ of habeas corpus proceeding denying application for writ of *habeas corpus* and demanding relator to juvenile training school.

The opinion states the case.

No brief on file for appellant.

*E. A. Berry,* Assistant Attorney General, for the State.

MORROW, Judge.—Relator appeals from an order of the District Court of Dallas County, denying his application for a writ of *habeas corpus* which was based upon the proposition that the County Court at law of Dallas County No. 2 was denied jurisdiction to render judgment as a Juvenile Court. We find no brief referring to any authorities, though relator states in his application, as a reason for his contention, that the Act in creating the court mentioned specifically withdraws from it the power to hear and determine criminal cases. We find in the Code of Crim. Procedure, Vernon's Crim. Stats., vol. 2, article 1198, that it confers jurisdiction upon the County and District Courts of the State to hear and determine cases against juvenile deliquents, and in chapter 101, Acts of the Thirty-fifth Legislature, p. 226, the following appears: "The County Court

of Dallas County at Law, No. 2, shall have exclusive concurrent civil and criminal jurisdiction of all cases, original and appellate, over which by the laws òf the State of Texas, the existing County Court of Dallas County, at law would have original and appellate jurisdiction.'' This is carried forward in supplement to Vernon's Civil Statutes. vol. 1, p. 370, article 1798b. The previously existing County Court of Dallas County at law had concurrent jurisdiction with the County Court in all civil and criminal cases. Vernon-Sayles' Civil Statutes, article 1787.

In accord with these statutes, which are the only ones that have come to our attention upon the subject, we are constrained to conclude that the appellant's view that the court rendering the judgment against him was without jurisdiction is not sound.

The judgment is affirmed.

*Affirmed.*